UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD L. EDEN,

                Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                Defendant.

Case No. 3:16-cv-05257-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 26, 2012, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that he became disabled beginning October 1, 2009. Dkt. 9, Administrative Record (AR) 13. That application was denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

Law Judge (ALJ), plaintiff appeared and testified, as did a vocational expert. AR 77-109.

In a written decision dated December 24, 2014, the ALJ found that plaintiff could perform his past relevant work, and therefore that he was not disabled. AR 13-27. On February 2, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the Commissioner's final decision, which plaintiff then appealed in a complaint filed with this Court on April 8, 2016. AR 1; Dkt. 1-3; 20 C.F.R. § 404.981, § 416.1481.

In his opening brief, which he filed on October 20, 2016, plaintiff states he seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1) in evaluating the medical evidence;

(2) in discounting plaintiff's credibility;

(3) in rejecting the lay witness evidence;

(4) in assessing plaintiff's residual functional capacity; and

(5) in finding plaintiff could perform his past relevant work.

Dkt. 13. In her response brief filed on December 8, 2016, Defendant argues the ALJ did not err as alleged and therefore the ALJ's determination of non-disability was proper. Dkt. 14.

With his reply brief, which was filed on December 23, 2016, plaintiff informed the Court that he recently was notified of a written determination of disability, dated November 30, 2016, made by the Social Security Administration. Dkt. 15, p. 10; Dkt. 15-1. That determination states:

> You said you have been unable to work since 6/24/08 due to autoimmune conditions, multiple sclerosis, shoulder problems, and depression. The evidence indicates you meet the criteria for disability as of 12/25/14. Therefore, we have allowed your claim as of this date.

Dkt. 15-1. That determination also lists a number of medical records that were relied on to decide plaintiff's disability claim. *Id.* For the reasons set forth below, the Court finds remand for further administrative proceedings is warranted in light of this new evidence.

ORDER - 2

DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

In support of his argument that the recent determination of disability provides additional support for reversing the ALJ's decision and remanding this matter for further administrative

ORDER - 3

proceedings, plaintiff points to the Ninth Circuit's decision in *Luna v. Astrue*, 623 F.2d 1022 (9th Cir. 2010). In that case, the Court of Appeals noted that the district court had remanded the ALJ's decision under 42 U.S.C. § 405(g), which provides that to justify remand based on newly submitted evidence, the claimant must show that that evidence is both "new" and "material", and that there is "good cause for having failed to produce that evidence earlier." *Id.* at 1034; *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). The Ninth Circuit went on to note that "[n]ew evidence is material when it bear[s] directly and substantially on the matter in dispute, and if there is a reaonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination." *Luna*, 623 F.2d at 1034 (citations and internal quotation marks omitted).

In finding that the district court in *Luna* did not err in remanding the matter, the Court of Appeals explained:

> The district court held that the finding of disability based on Luna's second benefits application was new and material evidence warranting remand for further factual consideration because it commenced at or near the time Luna was found not disabled based on the first application. The court cited a district court decision holding that an ALJ's award of benefits less than a week after the ALJ denied a claimant's first benefits application constituted "new and material evidence." *See Reichard v. Barnhart*, 285 F.Supp.2d 728, 734 (S.D.W.Va.2003). That case stands for the proposition that, "in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." *Bradley v. Barnhart*, 463 F.Supp.2d 577, 580–81 (S.D.W.Va.2006) (emphasizing the "tight timeline" from the denial of benefits to the grant of benefits).
>
> We agree. The "reasonable possibility" that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different. *See*[ *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)].
>
> Although we have previously upheld the denial of a remand for further proceedings in somewhat similar circumstances, it was in a case where an

ORDER - 4

initial denial and subsequent award were easily reconcilable on the record before the court. *See Bruton*, 268 F.3d at 827 ("In this case, Bruton's second application involved different medical evidence, a different time period, and a different age classification."). That is not true here. We cannot conclude based on the record before us whether the decisions concerning Luna were reconcilable or inconsistent. There was only one day between the denial of Luna's first application and the disability onset date specified in the award for her successful second application, but she may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change. Given this uncertainty, remand for further factual proceedings was an appropriate remedy. *See Am. Bird Conservancy v. FCC*, 545 F.3d 1190, 1195 n. 3 (9th Cir.2008) ("The proper remedy for an inadequate record ... is to remand to the agency for further factfinding.").

*Id.* at 1034-35.

As in *Luna*, in this case the determination of disability found plaintiff met the criteria for disability beginning the day after the ALJ found him to be not disabled. *Id.* at 1033, 1035; AR 13-27. It also is not possible to conclude based on the record before the Court whether the ALJ's decision and the disability determination are reconcilable or inconsistent. Although some of the medical records the Social Security Administration relied on to find plaintiff disabled are from a period of time well after the date of the ALJ's decision, it is unclear whether those records touch on the period of time the ALJ considered. *See* Dkt. 15-1. Further, the determination of disability specifically states that it also relied on "reports . . . listed in our previous notice." *Id.* However, it again is unclear which notice this refers to, what "reports" are listed in that notice, or whether the reports are from a period that includes the one the ALJ considered. *Id.*

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record

ORDER - 5

that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because it is not possible to reconcile the ALJ's decision on non-disability with the subsequent determination of disability issued by the Social Security Administration, remand for the purpose of reconciling those decisions is proper.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 16th day of February, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6